UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Bernard Bagley,<br><br>    PETITIONER<br><br>  v.<br><br>Tonya James,<br><br>    RESPONDENT | Case No. 5:20-cv-03013-TLW<br><br><br>**Order** |

Petitioner Bernard Bagley, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 43. In the Report, the magistrate judge recommends that Petitioner's motion for partial summary judgment be denied, and that Respondent's motion to dismiss be granted and the petition be dismissed. Petitioner filed objections to the Report. ECF No. 45. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed,

1

> in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections.

Petitioner, a state inmate currently serving a life sentence for murder, seeks either to be released from prison to serve the rest of his sentence on home confinement or to receive a sentence reduction to 30 years, which he says he has already served. The sole basis for his petition is that he says he cannot safely be incarcerated due to the risk posed by COVID-19, particularly in conjunction with his health issues.

The magistrate judge concluded that the grounds for relief set forth in the petition amount to a conditions-of-confinement claim that is not cognizable under § 2241. The Court agrees. The fact that Petitioner seeks a sentence reduction to 30 years does not transform his conditions-of-confinement claim into a sentence-duration claim. He does not allege that there is anything illegal or unconstitutional about the sentence itself. It is only his incarceration status combined with a particular condition of confinement—the prison's management of COVID-19—that he says makes his claim viable under § 2241. But he is incorrect because the essence of his petition is a challenge to the management of the pandemic inside the prison walls. As the magistrate judge properly concluded, this is a conditions-of-confinement claim that is not cognizable under § 2241.

Accordingly, after careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 43, is **ACCEPTED**,

Petitioner's objections, ECF No. 45, are **OVERRULED**, Petitioner's motion for partial summary judgment, ECF No. 24, is **DENIED**, and Respondent's motion to dismiss, ECF No. 25, is **GRANTED**. This action is hereby **DISMISSED**.

    **IT IS SO ORDERED.**[1]

                                               *s/ Terry L. Wooten*
                                               Terry L. Wooten
                                               Senior United States District Judge

August 4, 2021
Columbia, South Carolina

---

[1] In light of this ruling, the remaining outstanding motions, ECF Nos. 23, 32, 36, are terminated as **MOOT**.

3